60 So.2d 479

**EASLEY v. STATE.**

**1 Div. 656.**

Court of Appeals of Alabama.

Sept. 9, 1952.

W. C. Taylor, Mobile, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The petitioner, Theo M. Easley, stood indicted on two indictments, each for the offense of murder in the first degree. He was charged with killing Elnora Palmer in one indictment and with killing Henry Hatch in the other.

542

The two homicides occurred at the same place and, in point of time, one followed in close proximity to the other.

On the hearing on petitions for habeas corpus, the proceedings were consolidated for trial. The circuit court denied bail in each case. The appeals from these judgments are before us on one record.

The petitioner testified that in addition to his regular employment he operated a small place of business on the outskirts of the city of Mobile, Alabama. On the night in question he and a friend came to his business establishment about midnight from a fishing trip. The place was closed, but they observed two Negroes, a man and woman, loitering about the premises. There is considerable testimony relating to what transpired at this time. In substance the evidence discloses that the Negroes cursed the petitioner and the man, armed with a pistol, threatened his life.

The Negro couple drove away and petitioner secured a twenty gauge shotgun and some shells from inside his place of business. He proceeded from this point, with his fishing companion, to the home of a friend. There he left his trailer and boat. The couple returned to petitioner's place of business and there observed some indications of efforts to break in the building. They went forthwith to a nearby place known as the Palm Club.

According to the testimony of the appellant, this visit was made for the purpose of using a phone to call the officers and report the matter of the attempted burglary.

The Negro couple was at the Palm Club, and there both were killed.

For obvious reasons we will not detail a discussion of the evidence as it relates to the occurrences at this time and place.

The petitioner testified, in effect, that the woman was killed accidentally and he shot the man in self-defense. The testimony in behalf of the State discounts and discredits the truth of either of these contentions.

In the fairly recent case of Colvin v. State, Ala.App., 53 So.2d 99, 100,[1] Judge Harwood authored for this court a very

able and comprehensive opinion on the legal principles governing the right of an accused person to be admitted to bail in capital cases. He observed in part:

"The above doctrines we think make it clear that the true meaning of 'when the proof is evident or the presumption great' to be that bail must be allowed unless the evidence is clear and strong and would lead to a well guarded and dispassionate judgment reasonably compelling the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would *probably* be punished capitally if the law is administered."

We have given due consideration to the evidence disclosed by this record.

The view is entertained that the applicable doctrines force the conclusion that the appellant is entitled to bail in both cases.

Therefore the judgments and decrees of the lower court denying bail are reversed, and it is ordered that petitioner be released from custody upon his furnishing bail in the amount of $3,000 in each case, to be approved according to the directions of Title 15, Sec. 194, Code 1940.

Reversed and remanded with instructions.